PILLSBURY WINTHROP SHAW PITTMAN LLP
ANTHONY R. DELLING #81798
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033
anthony.delling@pillsburylaw.com

Attorneys for Defendant
XEROX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL AYALA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>XEROX CORPORATION,<br><br>　　　　　　Defendant. | No. CV 12-3473 GAF(MRWx)<br><br>**(PROPOSED) PROTECTIVE ORDER PURSUANT TO STIPULATION** |

　　　　Based on the stipulation of the Parties, filed with this Court on or about October 11, 2012, the Court hereby orders as follows:

　　　　1.　　During this action, one or more parties may produce certain documents, provide written discovery responses and/or provide or elicit deposition testimony containing information concerning the job performance, evaluation and/or conduct of individual employees having no interest in this lawsuit, as well as personal data of such employees, preferences and

1  requirements of Xerox customers, pricing of Xerox products and services, and
2  nonpublic financial data regarding Xerox (hereinafter collectively referred to
3  as "Confidential Information").
4     2.   With respect to documents produced by a party which contain
5  Confidential Information, that party or its counsel may stamp or otherwise
6  label that document with the word "Confidential" prior to production, which
7  shall render that document and the information contained in it subject to this
8  protective order.  For documents containing particularly business sensitive or
9  private information whose disclosure could cause substantial injury to the
10 producing party or substantial injury, embarrassment or invasion of privacy to
11 individuals, the producing party may stamp or otherwise label that document
12 with the words "Confidential-Attorneys' Eyes Only," which shall render that
13 document and the information contained in it subject to this protective order.
14 Stamping or otherwise marking "Confidential" or "Confidential-Attorneys'
15 Eyes Only" on the first page of any multipage document shall automatically
16 designate all pages of the document as subject to this protective order, unless
17 otherwise expressly indicated by the party producing that document.  With
18 respect to written discovery responses provided by a party which contain
19 Confidential Information, either that party or its counsel may designate a
20 particular response as containing such information by stamping or otherwise
21 marking the word "Confidential" or "Confidential-Attorneys' Eyes Only" on
22 the page or pages containing that discovery response or by explicitly stating
23 within the response itself that the information contained therein is confidential
24 and subject to a protective order.  Either of those designations shall render that
25 entire response subject to this protective order.
26    3.   At any deposition in this action, a party and/or its counsel may
27 designate particular testimony containing Confidential Information as
28

1  "Confidential" or "Confidential-Attorneys' Eyes Only" and therefore subject
2  to the terms of this protective order.  In the event a party or its counsel makes
3  such a designation, the court reporter shall on each page of the transcript
4  containing such designated testimony include the statement "Confidential
5  Subject To Protective Order," or the statement "Confidential-Attorneys' Eyes
6  Only   Subject To Protective Order."  All deposition testimony of a witness
7  which is designated "Confidential" shall be contained in a separate transcript,
8  the first page of which shall bear the legend "Confidential   Subject To
9  Protective Order," or the legend "Confidential-Attorneys' Eyes Only   Subject
10 To Protective Order."

11       4.     Any document, information or testimony designated as
12 "Confidential" shall not be used for any purpose whatsoever other than in
13 connection with the prosecution or defense of this lawsuit.  Moreover, such
14 document/information/testimony shall not be delivered, exhibited, furnished or
15 disclosed in whole or in part to any person, firm, entity or organization except
16 to (a) counsel of record for the parties in this action; (b) persons regularly
17 employed by the law firm representing plaintiff and/or the firm representing
18 defendants; (c) court reporters transcribing testimony of witnesses in this
19 action; (d) court personnel in connection with the performance of their
20 responsibilities relative to this action; (e) expert witnesses and consultants
21 retained for the purpose of assisting counsel for a party in defending or
22 prosecuting this action; (f) one or more of the parties themselves (including in
23 house counsel and their staff); or (g) a witness at deposition to the extent
24 he/she agrees on the record to be bound by this order and either authored the
25 document or information in question or has a need to know or be shown the
26 document or information in the course of providing testimony.  However,
27 nothing herein shall in any way limit a party's ability to use or disclose
28

documents/information/testimony which that party or its own counsel has designated "Confidential."

5. Any document, information or testimony designated as "Confidential-Attorneys' Eyes Only" shall not be used for any purpose whatsoever other than in connection with the prosecution or defense of this lawsuit. Moreover, such document/information/testimony shall not be delivered, exhibited, furnished or disclosed in whole or in part to any person, firm, entity or organization except to (a) the attorneys of record in this case, (b) employees of those attorneys actively involved in the prosecution or defense of this action, (c) in-house counsel and their staff, (d) court reporters transcribing deposition testimony in this action, (e) independent experts and consultants retained by a party, and (f) a witness at deposition who agrees on the record to be bound by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony. The receiving party shall not receive, be informed of, or have access to Confidential Attorneys' Eyes Only documents, information or testimony except pursuant to the prior written consent of the producing party or by Court Order. However, nothing herein shall in any way limit a party's ability to use or disclose documents/information/testimony which that party or its own counsel has designated "Confidential" or "Confidential-Attorneys' Eyes Only."

6. Prior to receiving Discovery designated as "Confidential-Attorneys' Eyes Only," each person, including counsel, shall sign an acknowledgment that they have read and agree to abide by this Order in the form attached hereto as Exhibit A. Third-party experts and consultants shall affirm that they have been retained by counsel for a party to this litigation and are not otherwise employed by or affiliated with any party or any competitor

1  of any party. The receiving party's counsel shall maintain the original signed
2  acknowledgments, and upon request by counsel for the producing party shall
3  be provided to the producing party's counsel.

4       7.    Any person to whom delivery, exhibition or disclosure is made of
5  any document, information or testimony described in paragraphs 2 or 3 above
6  shall be subject to the provisions of this protective order. Prior to delivery,
7  exhibition or disclosure of covered documents/information/testimony to the
8  persons qualified to receive it/them under paragraphs 4 and/or 5, counsel for
9  the party making disclosure shall provide each such person a copy of the
10 protective order and shall secure from that person a signed confidentiality
11 acknowledgement in the form attached hereto as Exhibit A. That
12 acknowledgement shall state that the person receiving or seeing the covered
13 document/information/testimony has read this order, that he/she may not and
14 shall not divulge any document, information or testimony designated
15 "Confidential" or "Confidential-Attorneys' Eyes Only" except in strict
16 accordance with the terms and conditions of this order and that he/she will not
17 utilize any document, information or testimony designated "Confidential" or
18 "Confidential-Attorneys' Eyes Only" for any purpose other than in connection
19 with the prosecution or defense of this lawsuit. All originals of signed
20 confidentiality acknowledgements shall be maintained by counsel for the party
21 responsible for making the disclosure and shall be made available to the
22 producing party's counsel upon reasonable request. However, nothing herein
23 shall require a disclosing party or its counsel to obtain a signed confidentiality
24 acknowledgement prior to submitting documents/information/testimony to
25 witnesses at either trial or during a deposition.

26      8.    Any party or counsel who files or intends to file a paper or other
27 document with the Court which reflects, contains or includes any
28

1 document/information/testimony designated as "Confidential" or
2 "Confidential-Attorneys' Eyes Only" by an opposing party or that party's
3 counsel pursuant to the terms of this protective order, including any copies,
4 reproductions, abstracts, summaries or quotations of or from such
5 document/information/testimony, shall make an application to the judge to
6 whom the papers are directed to have that particular
7 document/information/testimony filed under seal pursuant to Local Rule 79
8 5.1, or in the alternative shall conspicuously label all pages of the document
9 itself as "Confidential – Subject to Protective Order."

10      9.      Nothing herein shall prevent any party from bringing an
11 appropriate motion upon regular notice before the Court, in strict compliance
12 with Local Rules 37-1 and 37-2, to have a "Confidential" or "Confidential-
13 Attorneys' Eyes Only" designation of a document/information/testimony lifted
14 in whole or in part or to determine whether the use or disclosure of such
15 document/information/testimony should be restricted other than in accordance
16 with this protective order. Furthermore, nothing herein shall affect any party's
17 right to make a formal motion upon regular notice to the Court for a protective
18 order pursuant to the Federal Rules of Civil Procedure and this Court's Local
19 Rules with regard to any particular document/information/testimony, including
20 for the purpose of seeking restrictions greater than those specified herein.

21      10.      Within 60 days from the final termination of this action, including
22 any appeals, the parties and their counsel shall either (1) return all materials
23 designated "Confidential" or "Confidential-Attorneys Eyes Only," together
24 with any and all copies, summaries and excerpts thereof, to counsel for the
25 party producing such materials or (2) destroy all such materials and copies
26 thereof and certify in writing to the counsel for the party producing such
27 materials that they have been destroyed. In accordance with this paragraph,
28

1  the parties and their counsel shall also return to counsel or destroy all extracts
2  or summaries of documents/information/testimony designated "Confidential"
3  or "Confidential-Attorneys' Eyes Only," except for those materials which in
4  the reasonable, good faith judgment of counsel constitute attorney work
5  product.
6      11.   If a party or its counsel inadvertently permits the production or
7  disclosure of documents or testimony containing Confidential Information
8  without designating it confidential in accordance with this protective order,
9  that party or its counsel may thereafter designate the material as
10 "Confidential" or "Confidential-Attorneys' Eyes Only" by identifying the
11 specific document/testimony in a letter to opposing counsel and at that time
12 designating it accordingly. From the date of receipt of any such letter, the
13 party/counsel which has received the document/testimony shall treat it in
14 accordance with the terms of this protective order, subject to further direction
15 from the Court.
16      12.   The obligations of confidentiality contained in this protective
17 order shall remain effective following the termination of the action and the
18 Court shall retain jurisdiction to enforce all provisions of this order as well as
19 to remedy any violation of it. In addition, the Court shall at all times have
20 jurisdiction to resolve any dispute which may arise under the terms of this
21 protective order upon a regularly noticed motion, including but not limited to
22 issues concerning whether some document/testimony has been improperly
23 designated.
24
25
26
27
28

1      13.    The designation of any document, information or testimony shall not be construed as an admission of relevance or admissibility.  This order may only be introduced into evidence by a party in connection with a motion or other proceeding to enforce the terms or obtain clarification of this order.

Dated:  October 12, 2012.

              /s/ Judge Wilner
Magistrate Judge Michael R. Wilner